U.S. DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| PATIENT A,<br>    Plaintiff,<br><br>v.<br><br>STATE OF VERMONT,<br>AGENCY OF HUMAN SERVICES,<br>DEPARTMENT OF MENTAL HEALTH,<br>PAUL DUPRE, COMMISSIONER OF<br>DEPARTMENT OF MENTAL HEALTH,<br>in his individual and official capacity,<br>CORRECT CARE SOLUTIONS,<br>DEPARTMENT OF CORRECTIONS,<br>ANDREW PALLITO, COMMISSIONER<br>OF DEPARTMENT OF CORRECTIONS,<br>in his individual and official capacity,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Docket No 5:14-cv-206-gwc __<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO STATE DEFENDANTS' PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

NOW COMES Plaintiff Patient A ("Plaintiff") by and through his attorney, A.J. Ruben, Esq., and hereby opposes the State Defendants' Partial Motion to Dismiss (hereinafter "PMD"). Plaintiff will not contest Defendants' PMD regarding the damages claims against State employees in their *official capacity*. However, Plaintiff has secured service via waivers filed with the Court for both Defendants Dupre and Pallito in their *individual capacities*, and Plaintiff continues to assert compensatory damage and punitive damage claims against those individuals in their *individual capacity*. Attached is a memorandum in support of Plaintiff's Opposition to the State Defendants' PMD pursuant to the Local Rules of the United States District Court for the District of Vermont, L.R. 7.

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

**A. Rule 12(b)(1) Motion to Dismiss**

"'A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.'" Robinson v. Jarris, No. 1:07-CV-265, 2008 WL 3979260, at *2 (D. Vt. Aug. 25, 2008)(citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)). When reviewing a Motion to Dismiss under Rule 12(b)(1), lack of subject matter jurisdiction, the court views all facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Id.* The court should not dismiss the complaint unless 'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief.' *Id.* (quoting Raila v. Unites States, 355 F.3d 118, 119 (2d Cir.2004)).

**B. Rule 12(b)(6) Motion to Dismiss**

"The standard of review for a motion to dismiss under Fed.R.Civ.P. 12(b)(6) [failure to state a claim] is 'substantively identical' to the standard applied to a Rule 12(b)(1) motion, however, in a Rule 12(b)(6) motion, the defendant has the burden of proof." *Id.* (internal citation omitted). "First, a court must accept a plaintiff's factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor." Davis v. Vermont, Dep't of Corr., 868 F. Supp. 2d 313, 321-22 (D. Vt. 2012) (internal citations omitted). Then, the Court must determine whether the plaintiff has plead "only enough facts to state a claim to relief that is plausible on its face." Robinson, at 1974. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

is liable for the misconduct alleged.' This rule does not compel a litigant to supply 'detailed factual allegations' in support of his claims." Gilbeau v. Pallito, No. 1:11-CV-232, 2012 WL 2416719, at *2 (D. Vt. May 22, 2012) report and recommendation adopted, No. 1:11-CV-232-JGM, 2012 WL 2416654 (D. Vt. June 26, 2012) (internal citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013)(internal citations omitted).

   II.   THIS COURT HAS JURISDICTION OVER PLAINTIFF'S SECTION 1983 CLAIMS ASSERTED UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS AGAINST STATE DEFENDANTS IN THEIR INDIVIDUAL CAPACITY.

Defendants Pallito and Dupre assert a right to dismissal of the 1983 Claims against them in their *official capacities.* PMD p. 3-4. It is well settled that claims against State officials in their official capacities are barred by the Eleventh Amendment "absent the state's consent to suit or an express or statutory waiver of immunity." Gilbeau v. Pallito, No. 1:11-CV-232, 2012 WL 2416719, at *3 (D. Vt. May 22, 2012) report and recommendation adopted, No. 1:11-CV-232-JGM, 2012 WL 2416654 (D. Vt. June 26, 2012). However, federal courts retain subject matter jurisdiction over constitutional claims against state officials when sued in their individual capacity so long as there is "personal involvement of defendants in alleged constitutional deprivations." *Id*. Plaintiff has sufficiently named the State Defendants in their individual capacity by indicating the intent to do such in the caption of the Complaint and Defendants have recognized this intent. PMD p. 3. While the Plaintiff's claims against Defendants Pallito and Dupre for Constitutional violations (First and Second Causes of Action) do not specify the

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

claims are asserted against the State Defendants in their *individual* capacities, the Complaint does not explicitly identify the claims are against Defendants in their *official* capacity. Plaintiff's factual assertions regarding both State Defendants demonstrate that each had personal knowledge and involvement in the harms alleged to have been suffered by the Plaintiff. Complaint ¶¶18-32; 37-47. Thus the failure of Plaintiff to specify individual as opposed to official capacity claims against the State Defendants in the first two Causes of Action does not lead to a conclusion that Plaintiff failed to sue them in their individual capacities in light of the caption and factual assertions that are fairly read to implicate both State Defendants in their individual capacities.

In Gilbeau, the Court dismissed the Section 1983 claims for lack of subject matter jurisdiction because the Plaintiff had only referenced the former Commissioner and the Commissioner before that in the caption of the complaint and made no mention of either defendant in the text of the Complaint itself. Gilbeau v. Pallito at *3. That is not the case here, where Plaintiff has made several factual assertions that, when accepted as true, establish the personal involvement of Defendants Pallito and Dupre in the constitutional violations asserted pursuant to 42 U.S.C. §1983. Complaint ¶¶18-32; 37-47.

In order to prevail on a Section 1983 cause of action against an individual in their individual capacity, a plaintiff must show some tangible connection between the Constitutional violation alleged and that particular defendant. For a supervisory defendant to be held liable under §1983, the claim cannot rest on respondeat superior. Bain v. Cotton, 2010 WL 2756989, 10 (D. Vt. 2011, not reported in F.Supp.2d). Thus, there have been five identified ways to demonstrate supervisor liability under §1983:

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

4

"(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.". Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)(internal citations omitted).

Plaintiff has included multiple factual assertions relevant to both Defendants' personal involvement amounting to the identified liable conduct above in one or more ways. Complaint, ¶¶18-32; 37-47. Plaintiff alleges Defendants Pallito and Dupre were deliberately indifferent to the known harm their failure to meet their duties would have on Plaintiff and that Defendants Pallito and Dupre indeed failed to satisfy their duties, in a heedless and palpable manner, resulting in significant harm to Plaintiff. *Id.* Plaintiff asserts that such facts, when accepted as true, do not permit these claims against Defendants Pallito and Dupre, in their individual capacities, to be dismissed for lack of subject matter jurisdiction. Plaintiff concedes this point on the official capacity issue only, noting that individual service has been perfected on all individual Defendants in the instant action, and punitive damages survive against those properly served in their individual capacity.

### III. PLAINTIFF HAS PROPERLY STATED A CLAIM AGAINST DEFENDANT DUPRE FOR HIS PERSONAL INVOLVEMENT IN CONDUCT UPON WHICH RELIEF CAN BE GRANTED.

Defendants assert that with respect to the Section 1983 claim against Defendant Dupre in his individual capacity, the Plaintiff has not stated a claim upon which relief

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

5

can be granted because the claim is under the "amorphous guise of substantive due process." PMD p. 5. However, "[f]or all its consequence, 'due process' has never been, and perhaps never can be, precisely defined." Kia P. v. McIntyre, 235 F.3d 749, 758 (2d Cir. 2000)(quoting Lassiter v. Department of Social Servs., 452 U.S. 18, 24, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). "The outlines of the 'liberty' specially protected by the Fourteenth Amendment-never fully clarified, to be sure, and perhaps not capable of being fully clarified-have at least been carefully refined by concrete examples involving fundamental rights found to be deeply rooted in our legal tradition." Washington v. Glucksberg, 521 U.S. 702, 722, 117 S. Ct. 2258, 2268, 138 L. Ed. 2d 772 (1997).

There is no doubt that *all persons*, including convicted prisoners and involuntarily hospitalized individuals, are entitled to adequate medical and/or mental health treatment and conditions. See, Youngberg v. Romeo, 457 U.S. 307, 315, 324 (1982)(the Court lists substantive due process rights of the Fourteenth Amendment to include "adequate food, shelter, clothing, and medical care"). It is also well established in legal tradition that claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person are brought under both the Eighth Amendment *and* the Due Process Clause of the Fourteenth Amendment, and analyzed under the same standard. Caiozzo v. Koreman, 581 F.3d 63, 65, 72 (2d Cir. 2009)(emphasis added).

But, "[t]he Cruel and Unusual Punishments Clause of the Eighth Amendment imposes a duty upon *prison officials* to ensure that inmates receive adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (citing *Farmer v. Brennan,* 511 U.S. 825, 832, 844, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)) (emphasis

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

6

added). The Eighth Amendment does not apply to the duty of other, non-Correctional, State officials.

   Defendant Dupre is not a Prison Official. However, he is a State official with a duty to provide appropriate mental health care to *all* citizens of Vermont, not limited to those in his custody. Complaint ¶36; 18 V.S.A. §7251(1). Specifically, Defendant Dupre, as the Commissioner of the Department of Mental Health, shall "meet the needs of individuals with mental health conditions, including the needs of individuals in the custody of the commissioner of corrections." Complaint ¶¶36-38; 18 V.S.A. §7251(1)(3) and 18 V.S.A. §7401(13). As noted above, despite the fact that Defendant Dupre is not a Prison Official, courts have held " that the State [has] a duty to provide adequate food, shelter, clothing, and medical care [to people in State's custody]. These are the essentials of the care that the State must provide." Youngberg v. Romeo, 457 U.S. at 324. Therefore, just as the Eighth Amendment is applicable to the States via the Fourteenth Amendment with regard to *prison officials*' deliberate indifference to a prisoner's serious medical needs, Substantive Due Process protections with regard to other state officials' conduct is also applicable to the states through the Due Process Clause of the Fourteenth Amendment. "The Due Process Clause of the Fourteenth Amendment has a substantive component that bars certain state actions regardless of the fairness of the procedures used to implement them." Bolmer v. Oliveira, 594 F.3d 134, 142 (2d Cir. 2010). "As we stated in Rodriguez, '[i]mplicit in [the statute's] requirement that [the decision be made by a physician] is the premise that the decision will be made in accordance with the standards of the medical profession.' A substantial departure from those standards shocks the conscience because it removes any 'reasonable

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

7

justification' for intentionally depriving the person of his or her liberty." *Id.* at 144 (internal citations omitted). "Persons in the custody of state officials have constitutionally protected rights to adequate food, shelter, clothing and medical care, to safe living conditions, and to freedom from undue bodily restraint." P.C. v. McLaughlin, 913 F.2d 1033, 1042 (2d Cir. 1990)(internal citations omitted). Thus, the conduct of Defendant Dupre who owed a duty to Plaintiff is appropriately analyzed under the Fourteenth Amendment.

    A motion to dismiss for failure to state a claim should be viewed in the light most favorable to the nonmoving party. King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Plaintiff's factual assertions in the Complaint are sufficient to support his claim against Defendant Dupre in his individual capacity, making dismissal inappropriate. Complaint ¶¶ 36-47. To reiterate, there is no doubt that all persons, incarcerated or otherwise enjoy the right to receive appropriate medical and mental health care. With regard to Defendant Dupre, Plaintiff has asserted that he had a duty to provide the capacity for adequate mental health treatment for Plaintiff, a person identified by medical providers as requiring inpatient, hospital level psychiatric care. Complaint ¶36-38, 42, 65, 75. This duty remains despite the fact that Defendant Dupre is not a prison official and despite the fact that Plaintiff was incarcerated. Defendant Dupre had a duty, not a duty to refrain from cruel and unusual punishment, but a duty to ensure that Plaintiff, whom Defendant Dupre knew to be in need of inpatient psychiatric treatment that he was not receiving in corrections, received appropriate mental health treatment regardless of where housed, through application of 42 U.S.C. §1983 pursuant to the Fourteenth Amendment. *Id.*

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

Defendants cite <u>Spavone v. New York State Dept. of Correctional Services</u>, 719 F.3d 127, 138 (2d Cir. 2013), in an effort to support their assertion that the Fourteenth Amendment claim is not actionable when the Eighth Amendment applies. PMD p. 5. However, nothing in that case actually states this proposition, but instead the Court considers the causes of action against the Defendants together under both amendments and dismisses on other grounds. *Id.,* at 134 (Noting Plaintiff's "right to be free of cruel and unusual punishment under the Eighth and Fourteenth Amendments"). In <u>Spavone</u>, the Constitutional claims were dismissed because of sovereign immunity, not for failure to state a claim, due to the fact that the record did not permit a reasonable jury to conclude that the defendants acted objectively unreasonably in thinking their conduct was lawful. The instant Complaint is clearly distinguishable from <u>Spavone</u> because Plaintiff plead specific facts that assert Defendant Dupre knew of the significant risk and harm presented to Plaintiff in his situation, knew also of his duty to ensure appropriate mental health treatment to those in need, and failed to take steps to mitigate or remove those risks with deliberate indifference. Complaint ¶¶36-47.

Defendants also cite <u>Albright v. Oliver</u>, 510 U.S. 266, (1994) for their assertion that, where the Constitution explicitly provides for certain protection, any Constitutional claim related to that protection must be asserted thereupon. PMD, p. 5. In <u>Albright</u>, the plaintiff sued after being arrested on a warrant, surrendering, being released and eventually having the case dismissed because the charge did not state an offense under state law. <u>Albright</u>, 510 at 273-275. The plaintiff sought relief under the Fourteenth Amendment's Substantive Due Process protections to be free from unlawful criminal prosecution. *Id.* at 268. The Court dismissed the claim because the Fourth Amendment

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

9

explicitly addressed the type of seizure that the Plaintiff complained about, but Plaintiff did not mention the Fourth Amendment nor argue these were procedural violations to which the Fourteenth Amendment might apply. *Id.* at 271-272 (1994). Again, the instant case is distinguishable because the Constitutional violation asserted here has a substantial history of being actionable through application of the Fourteenth Amendment.

Plaintiff respectfully requests the Court deny the Defendants' Partial Motion to Dismiss Plaintiff's First and Second Causes of Action for the reasons stated above. In the alternative, should the Court determine that the Causes of Action must explicitly state that they are asserted against Defendants in their individual capacity in the language of the Causes of Action, Plaintiff requests he be allowed to amend the pleadings to include such specific language. "It is well settled that "when a party requests leave to amend his complaint, permission generally should be freely granted." Blocker v. Southport Corr. Facility, No. 12-CV-6211-FPG, 2014 WL 3894401, at *1 (W.D.N.Y. Aug. 8, 2014) (citing Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir.2013) and Fed.R.Civ.P. 15(a)(2)).

IV. **PLAINTIFF CONCEDES TO THE DISMISSAL OF HIS STATE LAW CLAIM UNDER VERMONT'S PUBLIC ACCOMMODATIONS ACT AS BARRED BY SOVERIGN IMMUNITY.**

Plaintiff concedes that Count 5[1] related to Vermont's Fair Housing and Public Accommodations Act asserted against Defendants AHS, DMH and DOC is barred by sovereign immunity pursuant to the Eleventh Amendment as asserted by Defendants.

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

---

[1] Plaintiff notes that Defendant referred to this as Plaintiff's Count 6 at PMD p. 2, but to be sure, it is Count 5, relevant to VFHPAA.

PMD p. 6. However, Plaintiff reiterates the survival of the remaining counts against all State Defendants, including those under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act.

## CONCLUSION

WHEREFORE, Plaintiff will concede that dismissal is appropriate only for the §1983 claims against Defendants Pallito and Dupre in their official capacities and also that the Vermont Fair Housing and Public Accommodations Act claim against AHS, DMH and DOC is barred by the Eleventh Amendment. For the reasons stated above and in the interests of justice, Plaintiff requests that the Court DENY in part Defendants' Partial Motion to Dismiss.

Dated this 19th day of December, 2014.

By:

Patient A, Plaintiff

_____
Arthur J. Ruben, Esq.
Counsel for Plaintiff
Disability Rights Vermont
141 Main Street, Suite 7
Montpelier, VT 05602
(802) 229-1355
aj@disabilityrightsvt.org

Disability Rights Vermont
141 Main Street / Ste. 7
Montpelier, VT 05602
(802) 229-1355

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2014, I served Plaintiff's Motion in Opposition to State's Partial Motion to Dismiss with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants.

DATED at Montpelier, Vermont this 19th day of December, 2014.

_____
Arthur J. Ruben, Esq.
Counsel for Plaintiff
Disability Rights Vermont
141 Main Street, Suite 7
Montpelier, VT 05602
(802) 229-1355
aj@disabilityrightsvt.org