...



UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| PATIENT A,<br><br>  Plaintiff,<br><br>v.<br><br>VERMONT AGENCY OF HUMAN SERVICES, VERMONT DEPARTMENT OF MENTAL HEALTH, PAUL DUPRE, COMMISSIONER OF DEPARTMENT OF MENTAL HEALTH, in his individual and official capacity, CORRECT CARE SOLUTIONS, VERMONT DEPARTMENT OF CORRECTIONS, and ANDREW PALLITO, COMMISSIONER OF DEPARTMENT OF CORRECTIONS, in his individual and official capacity,<br><br>  Defendants. | Case No. 5:14-cv-000206 |

**OPINION AND ORDER RE:**
**DEFENDANT CCS'S MOTION TO EXTEND EXPERT DISCOVERY DEADLINES AND MOTION TO DENY OR DEFER PLAINTIFF'S PARTIAL MOTION FOR SUMMARY JUDGMENT**
(Docs. 59, 64)

    Plaintiff Patient A alleges various causes of action against defendants Vermont Agency of Human Services ("AHS"); Vermont Department of Mental Health ("DMH"); Paul Dupre, Commissioner of DMH; Correct Care Solutions ("CCS"); Vermont Department of Corrections ("DOC"); and Andrew Pallito, Commissioner of DOC, relating to Patient A's incarceration from August 13, 2013 through April 3, 2014. CCS has moved for an extension of the expert-related discovery deadlines and for a denial or deferment of Patient A's summary judgment motion because expert discovery is ongoing.

    Because these motions concern purely procedural issues the court need not discuss background facts. Patient A's only claim against CCS is one of medical malpractice. (Doc. 1 at 19.) On March 17, 2015, the court issued a discovery scheduling order. (Doc. 35.) The deadline

for deposing Patient A's expert witness was set for August 1, 2015. The deadline for submitting expert witness reports was set for September 1. The deadline for deposing CCS's expert witness was set for October 15.

On June 5, 2015, CCS moved for summary judgment on the medical malpractice claim. (Doc. 47.) Patient A filed both an opposition to CCS's motion as well as its own motion for summary judgment on the medical malpractice claim on July 13. By July 31, this court had not yet set a hearing date for CCS's motion. (The hearing for both summary judgment motions, scheduled for September 10, was set on August 4.) CCS has not yet deposed Patient A's expert witness.

I.  **CCS's Motion to Extend Expert Discovery Deadlines**

On July 31, CCS moved to extend the expert discovery deadlines so that they fall after this court rules on CCS's summary judgment motion. Patient A opposes CCS's motion to extend the expert discovery deadlines because "[t]here are no extraordinary circumstances or other good cause that would support permitting the discovery in this case to be delayed further." (Doc. 60 at 4.)

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). The court also considers any prejudice that the schedule modification may impose on other parties. *Kassner*, 496 F.3d at 244. A discovery deadline is prejudicial if it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008).

This case presents the unusual circumstance of a plaintiff filing for summary judgment on a medical malpractice claim before completion of expert-witness-related discovery. Resolution of CCS's motion—which argues that Patient A identified the wrong standard of care—does not require expert witness testimony. CCS filed its summary judgment motion well before the first

2

expert discovery deadline. On August 4, the court set a hearing on the motion to take place on September 10. It is not for lack of diligence that CCS has yet to depose Patient A's expert, but because CCS is awaiting resolution of its motion which may eliminate the need for any further expert-related discovery.

The proposed deadlines extension does not prejudice Patient A. Patient A would not need to expend any additional resources. His only inconvenience is the short delay the modified schedule would impose on the litigation. The court concludes that CCS has shown good cause for its request to extend the expert discovery deadlines, and its motion is GRANTED.

The court adopts CCS's proposed amended schedule: the deadline for CCS to depose Patient A's expert will be one month following the issuance of the court's ruling on CCS's pending motion for summary judgment. The deadline for CCS to disclose its expert will be two months following the ruling, and the deadline for Patient A to depose CCS's expert witness will be three and one-half months following the ruling.

## II. CCS's Motion to Deny or Defer Patient A's Partial Motion for Summary Judgment

On August 7, 2015, CCS moved the court to either deny without prejudice or defer resolution of Patient A's summary judgment motion until after its own motion has been resolved. (Doc. 64.) Patient A opposes CCS's motion on the grounds that CCS does not need any additional discovery in order to effectively oppose Patient A's summary judgment motion. (Doc. 65 at 3.) However, in order to effectively oppose Patient A's motion, CCS will need to depose Patient A's expert witness in addition to proffering expert witness testimony of its own. CCS has shown by an affidavit from counsel that it "cannot present facts essential to justify its opposition" to Patient A's motion because it has not deposed Patient A's expert witness and because it has not yet obtained an expert witness of its own. (Doc. 64-1.) These failures are excused because Patient A filed its motion while expert discovery was ongoing. Accordingly, it would be premature to adjudicate Patient A's motion before CCS has had the opportunity to pursue the expert discovery needed to oppose it.[1] *See Miller v. Wolpoff & Abramson, L.L.P.*, 321

---

[1] Expert testimony is required to prove medical malpractice claims "[e]xcept where the alleged violation of the standard of care is so apparent that it can be understood by a layperson without the aid of medical experts." *Provost v. Fletcher Allen Health Care, Inc.*, 890 A.2d 97, 101 (Vt.

F.3d 292, 303 (2d Cir. 2003) ("The nonmoving party must have had the opportunity to discover information that is essential to his opposition to the motion for summary judgment." (quoting *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). CCS's motion to deny or defer Patient A's partial motion for summary judgment is GRANTED. The court defers adjudication of Patient A's motion until the close of expert discovery, which in turn is postponed until after resolution of CCS's pending summary judgment motion.

### III. Conclusion

For the reasons stated above, CCS's motion to extend expert discovery deadlines and CCS's motion to deny or defer Patient A's partial motion for summary judgment are GRANTED. The court defers adjudication of Patient A's partial motion for summary judgment.

Dated at Rutland, in the District of Vermont, this 18th day of August, 2015.

Geoffrey W. Crawford, Judge
United States District Court

---

2005). Patient A's argument that CCS needs no additional discovery in order to oppose Patient A's motion because this is one of the rare cases not requiring expert testimony (Doc. 65 at 4-5) is unpersuasive and belied by the fact that Patient A did procure an expert witness in support of his malpractice claim.