U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 DEC 11 PM 2: 22

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

PATIENT A, )
)
  Plaintiff, )
)
v. ) Case No. 5:14-cv-00206
)
VERMONT AGENCY OF HUMAN )
SERVICES, VERMONT DEPARTMENT )
OF MENTAL HEALTH, PAUL DUPRE, )
COMMISSIONER OF DEPARTMENT OF )
MENTAL HEALTH, in his individual and )
official capacity, CORRECT CARE )
SOLUTIONS, VERMONT DEPARTMENT )
OF CORRECTIONS, and ANDREW )
PALLITO, COMMISSIONER OF )
DEPARTMENT OF CORRECTIONS, in his )
individual and official capacity, )
)
  Defendants. )

**OPINION AND ORDER RE:**
**DEFENDANT CORRECT CARE SOLUTIONS'S MOTION FOR CERTIFICATION OF**
**ORDER DENYING SUMMARY JUDGMENT FOR INTERLOCUTORY APPEAL**
**(Doc. 86)**

Defendant Correct Care Solutions ("CCS") has moved to certify an interlocutory appeal of the court's October 23, 2015 decision denying CCS's Motion for Summary Judgment. (Doc. 85.) For the reasons set forth below, CCS's motion to certify for interlocutory appeal is DENIED.

**I.    Legal Standard**

"In general, the denial of a summary judgment motion is not considered to be a final judgment subject to immediate appellate review under 28 U.S.C. § 1291." *Latouche v. North Country Union High Sch. Dist.*, 131 F. Supp. 2d 568, 572 (D. Vt. 2001) (citing *LaTrieste Rest. & Cabaret, Inc. v. Village of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996). Nevertheless, a district court may grant leave to file an interlocutory appeal, under 28 U.S.C. § 1292(b), if it determines

1

that three conditions have been met: (1) "the ruling on which the appeal is sought involves a controlling question of law"; (2) "there is substantial ground for a difference of opinion as to that controlling question of law"; and (3) "an immediate appeal will materially advance the litigation." *Wool v. Pallito*, No. 2:11-cv-169, 2012 WL 1952990, at *8 (D. Vt. May 30, 2012); *see European Cmty. v. RJR Nabisco, Inc.*, 783 F.3d 123, 128 (2d Cir. 2015). "Section 1292(b) is intended to provide a 'rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" *Jenkins v. Miller*, No. 2:12-cv-184, 2014 WL 5421228, at *1 (D. Vt. Oct. 24, 2014) (quoting *Koehler v. The Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996)). "District courts have substantial discretion in deciding whether to certify a question for interlocutory appeal," *Latouche*, 131 F. Supp. 2d at 573, but are "admonished 'to exercise great care' in assessing whether the standard for making a [§] 1292(b) certification has been met." *Jenkins*, 2014 WL 5421228, at *1 (quoting *Westwood Pharms., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 88 (2d Cir. 1992)). "The [c]ourt should construe the requirements for certification strictly," *Latouche*, 131 F. Supp. 2d at 573, and grant such certification only in "exceptional cases where early appellate review might avoid protracted and expensive litigation." *Wool*, 2012 WL 1952990, at *8 (citation and internal quotation marks omitted).

As for the first requirement of the issue involving a controlling question of law, "the district court should consider whether: reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion . . . could significantly affect the conduct of the action, or; the certified issue has precedential value for a large number of cases." *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (citations omitted); *see also Bilello v. JPMorgan Chase Retirement Plan*, 603 F. Supp. 2d 590, 593 (S.D.N.Y. 2009) (controlling question of law if "will materially affect the outcome of the case"). The controlling question of law certified for interlocutory appeal "must also be a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Hart v. Rick's Cabaret Intern., Inc.*, 73 F. Supp. 3d 382, 393 (S.D.N.Y. 2014) (citation and internal quotation marks omitted).

The second requirement can be satisfied where there is "substantial doubt that the district court's order was correct, where there is conflicting authority on the issue, or where the issue is particularly difficult and of first impression for the Second Circuit." *Goldberg v. UBS AG*, 690

F. Supp. 2d 92, 103 (E.D.N.Y. 2010) (citations and internal quotation marks omitted). "A mere claim that the district court's ruling was incorrect does not demonstrate a substantial ground for difference of opinion under the second element." *Wausau Business Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (citation omitted).

## II. Analysis

CCS asserts that there are two "controlling questions of law" which should be certified in this case. The first is whether Patient A's expert, Dr. Van Tuinen, offered an opinion establishing the relevant standard of care as required by Vermont's medical malpractice statute, 12 V.S.A. § 1908. The second relates to the sufficiency of Dr. Van Tuinen's opinion on the issue of medication management. CCS has not demonstrated that either of these issues is appropriate for interlocutory appeal.

### A.   Opinion Concerning the Standard of Care

Speaking plainly, the motion for certification erects something of a straw man and proceeds to demolish it. CCS maintains that Dr. Van Tuinen's opinion is that Patient A required care available in a psychiatric hospital and unavailable in a prison. It is true that Dr. Van Tuinen's opinion began at this point. Had the opinion not developed to address the care available in a prison setting from prison health providers, it would have been inadequate to support the plaintiff's claim because care in a hospital differs from care in a prison.

But Dr. Van Tuinen's opinion developed over the course of the litigation to encompass care which he believes a prison health contractor such as CCS could and should have provided. The motion for certification does not take this change into consideration. Instead, CCS attacks an early and incomplete version of Dr. Van Tuinen's views, easily disposing of the wrong opinion.

Turning to the criteria for certification, the first – whether the issue presents a controlling issue of law – is present in only a limited sense. It is true that failure to disclose an expert opinion which satisfies the elements of Vermont's malpractice statute will result in the dismissal of the action against CCS. It will not result, however, in the termination of the lawsuit since other claims against non-medical parties are unaffected. It would have little or no precedential

3

value since the issue is intimately connected to the facts of this particular case. And it presents a mixed question of fact and law requiring close study of successive versions of Dr. Van Tuinen's opinion over a course of 12 months. *See Hart*, 73 F. Supp. 3d at 393.

The second criterion is not present in any fashion. There is no conflicting authority on this issue and the legal issue is neither unusually difficult nor unique. *Contrast N.Y. Racing Ass'n, Inc. v. Perlmutter Publ'g, Inc.*, 959 F. Supp. 578, 584 (N.D.N.Y. 1997) ("clearly room for difference of opinion" in case involving "somewhat difficult" and "highly contextual" legal principles and "complex[]" factual circumstances).

Finally, an immediate appeal will greatly delay the litigation because the other claims and the other parties will wait until the matter is returned before proceeding towards trial. *See Jenkins*, 2014 WL 5421228, at *1 ("the case involves more than one defendant, and an interlocutory appeal by a single defendant will not materially advance the termination of the litigation"). The case has a stipulated trial readiness date of May 1, 2016, and the only pending motion for summary judgment is the plaintiff's, which has been extended to allow for the completion of expert discovery. (Docs. 55, 68, 89.) A trial in the spring or summer of 2016 is likely. An interlocutory appeal would delay the trial substantially.

### B. Opinion Concerning Medication Management

For the same reasons outlined above, the motion for interlocutory appeal as to Dr. Van Tuinen's opinion concerning medication management falls short. It was clear to the court from a review of the doctor's opinion disclosures that he believes that CCS violated appropriate standards of care in failing to see Patient A often enough and in failing to make certain that he received appropriate medications. *See Provost v. Fletcher Allen Health Care, Inc.*, 2005 VT 115, ¶¶ 13-17, 179 Vt. 545, 890 A.2d 97 (mem.) (court inferred standard of care from statements within expert's affidavit, and held that, drawing all inferences in plaintiff's favor, affidavit "articulate[d], albeit sparsely, a theory of plaintiffs' medical malpractice case sufficient to defeat summary judgment"). Dr. Van Tuinen believes that this level of medical management falls within the capacity of a prison-based provider. He describes what was needed as "augmented" or stepped-up care required in response to a prisoner showing signs of serious mental illness. (Doc. 55-5 at 2-3.) He blames CCS for failing to follow Patient A closely enough and for failing

4

to respond to his deteriorating condition through more frequent staff meetings and reevaluation of his medication needs and other care.

Whether these opinions and the facts underlying them can be proved at trial is an issue for another day. What is clear is that these are opinions that break no new legal ground and depend heavily on the facts and testimony of trial witnesses. Even if the medication management claim is eliminated from the case, the other related malpractice claim of insufficient physician and nurse contact and support during the time that Patient A's condition deteriorated would remain to be tried against CCS. Therefore, immediate appeal on the medication management issue is much more likely to prolong, rather than advance, the litigation.

The court does not find that this case presents "exceptional circumstances" to warrant a departure from the general rule of finality. *See In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). The motion for interlocutory appeal (Doc. 86) is DENIED.

Dated at Rutland, in the District of Vermont, this 11th day of December, 2015.

Geoffrey W. Crawford, Judge
United States District Court