UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 MAR -9 PM 4: 12

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| PATIENT A, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:14-cv-000206 |
| VERMONT AGENCY OF HUMAN SERVICES, VERMONT DEPARTMENT OF MENTAL HEALTH, PAUL DUPRE, COMMISSIONER OF DEPARTMENT OF MENTAL HEALTH, in his individual and official capacity, CORRECT CARE SOLUTIONS, VERMONT DEPARTMENT OF CORRECTIONS, and ANDREW PALLITO, COMMISSIONER OF DEPARTMENT OF CORRECTIONS, in his individual and official capacity, | ) |
| Defendants. | ) |

**OPINION AND ORDER**
(Doc. 116)

Plaintiff has filed a motion seeking to defer his response to the State Defendants' Cross Motion for Summary Judgment (Doc. 109) until after he is able to depose Andrew Pallito, former Commissioner of the Vermont Department of Corrections ("DOC"), and Paul Dupre, former Commissioner of the Department of Mental Health ("DMH"). For the following reasons, Plaintiff's motion (Doc. 116) is DENIED.

**I.    Background**

The court assumes the parties' familiarity with the underlying facts and allegations of this case. Plaintiff's motion concerns the substance of his claim rather than a mere scheduling issue. Both Commissioners have responded to written discovery and stated that they had no personal involvement in decisions to hold plaintiff in solitary confinement or to transfer him to a hospital for treatment of mental illness. Commissioner Pallito states that he first learned about Plaintiff's

1

need for hospitalization through an email sent by Plaintiff's legal representatives on March 28, 2014. Plaintiff was transferred to a hospital a few days later. Commissioner Dupre states that he does not recall exactly when he learned about Plaintiff's case but that he understood at some point that DMH's care management team was "evaluating the situation on a regular basis and would triage [Plaintiff] into an appropriate psychiatric bed as quickly as possible." (Doc. 109-22 at 6.)

Both Commissioners object to Plaintiff's request to depose them on the grounds that they cannot be held personally liable based upon their supervision of their respective Departments. Commissioner Pallito advances a second reason for declining to testify at a deposition, which is the press of his current responsibilities as Commissioner of the Vermont Department of Finance and Management. As a senior member of the executive branch, he invokes the requirement of "exceptional circumstances" for any personal appearance at a deposition and argues that Plaintiff has not and cannot make such a showing. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).

## II.   Analysis

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks and citations omitted). "[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (emphasis in original) (citation omitted). Moreover, liability cannot be predicated on allegations of simple negligence or a lack of reasonable care and attention. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (Due Process Clause "not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property" (emphasis in original)); *see also Dodd v. City of Norwich*, 827 F.2d 1, 3 (2d Cir. 1987) ("[T]o establish a violation of the due process clause [giving rise to § 1983 liability] a plaintiff must prove that defendant 'deprived' him of life, liberty or property, a concept clearly satisfied by intentional conduct, but clearly *not* satisfied by conduct that is merely negligent." (emphasis in original)).

2

Personal involvement of a supervisory defendant may be shown, however, by evidence of: gross negligence in the supervision of employees; failure to remedy a wrong after learning of it; creating an unconstitutional practice through policy or custom; or exhibiting deliberate indifference to the rights of inmates. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Here, Plaintiff offers no evidence that either Commissioner was personally involved in these types of misconduct. The court therefore agrees that they need not appear for depositions in this lawsuit. Both Commissioners have stated under oath that they had no involvement in Plaintiff's conditions of incarceration or mental health care. This lack of direct, hands-on involvement is not surprising for Department heads. As both Commissioners indicate in their interrogatory answers, other employees within their Departments were responsible for making the decisions about individual prisoners who required mental health services.

There is no legitimate basis upon which to require the Commissioners' in-person testimony. Both Commissioners have described the minimal recollection they have of Plaintiff's term in prison. If they are both on record stating that they have no specific recollection of these events and the production of documentation shows nothing to the contrary, then asking the Commissioners if they recall additional facts will add little to the information already available to the parties. In the words of the recently-amended federal discovery rules, requiring the two Commissioners to submit to depositions would not be "proportional to the needs of the case," given the tiny and remote possibility that their recollections will improve and they will be capable of offering additional, relevant evidence when confronted by Plaintiff's counsel. *See* Fed. R. Civ. P. 26(b)(1). The court would see the issue differently if there were documents that demonstrated greater knowledge and participation than the Commissioners describe in their interrogatory answers. Plaintiff has brought no such documents to the court's attention.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion to Partially Defer Response in Opposition to State Defendants' Cross Motion for Summary Judgment Pursuant to Rule 56(d) (Doc. 116) is DENIED.

Dated at Rutland, in the District of Vermont, this 9th day of March, 2016.

_____
Geoffrey W. Crawford, Judge
United States District Court